United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMAR TOOKS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-50-3
---------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Lamar Tooks argues that the evidence introduced at his jury
trial was insufficient to support his conviction for conspiracy
to import into the United States and to possess on board a vessel
arriving in the United States, more than five kilograms of
cocaine in violation of 21 U.S.C. §§ 952, 955, and 963.  The
sufficiency of the evidence is reviewed to determine whether any
rational trier of fact could have found that the evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979).

To establish a conspiracy to import cocaine or to possess cocaine on a vessel arriving in the United States, the Government had to prove beyond a reasonable doubt (1) an agreement between two or more persons to violate the narcotics laws, (2) that each alleged conspirator knew of the conspiracy and intended to join it, and (3) that each alleged conspirator did participate voluntarily in the conspiracy. See 21 U.S.C. § 963; United States v. Puig-Infante, 19 F.3d 929, 936 (5th Cir. 1994)  "The jury may infer any element of this offense from circumstantial evidence." United States v. Lechuga, 888 F.2d 1472, 1476 (5th Cir. 1989).  Thus, "[a]n agreement may be inferred from concert of action, [v]oluntary participation may be inferred from a collocation of circumstances, and [k]nowledge may be inferred from surrounding circumstances." Id. at 1476-77.  A conspiracy can also be inferred from a combination of close relationships or knowing presence and other supporting circumstantial evidence. United States v. Brito, 136 F.3d 397, 409 (5th Cir. 1998).

There is no dispute in this case that a conspiracy existed to import more than five kilograms into the United States on the M/S CONQUEST in January 2004.  Tooks argues that, like the facts presented in United States v. DeSimone, 660 F.2d 532, 535-36, 537-38 (5th Cir. 1981), there was no evidence that he had

knowledge of the conspiracy or that he participated in the conspiracy.

The evidence established that Paul Wilson conspired with others to import drugs into the United States on the M/S CONQUEST. The plan involved certain conspirators boarding the cruise ship in New Orleans and importing drugs onto the ship when it was docked in Jamaica. The drugs would then be given to a crewman on the ship, who would deliver the drugs to other conspirators who boarded the next cruise in New Orleans, and those conspirators would leave the ship and deliver the drugs to Wilson in New Orleans before the ship sailed again for Jamaica.

In January 2004, Wilson organized a group of people to smuggle drugs onto the ship in Jamaica and to then import the drugs into the United States; however, he had to replace at least one of the original participants who was not available to carry out the plan. Patricia Mitchell, a member of this January 2004 conspiracy, testified that Tooks was the replacement. The evidence also indicated that Wilson paid for Tooks's ticket onto the ship and that Tooks was in telephone contact with Wilson on the day that he flew into New Orleans and boarded the ship, where he was introduced to Mitchell. When Mitchell told Tooks she was on business for Wilson, Tooks replied "[m]e too" and stated that he had also been on business in November 2003. On both the November 2003 and January 2004 trips, Tooks got on and off the ship three times in Jamaica, which a Customs officer testified

constituted suspicious behavior. Tooks was present when another conspirator on the ship explained that one of the members of the conspiracy would not be taking the drugs off of the ship. A canine alerted to Tooks when he disembarked the ship in New Orleans. Tooks then went to a local shopping area, called Wilson several times, and, according to a surveilling officer, looked around to see if he was being followed.

After reviewing the record, we conclude that the foregoing evidence, albeit circumstantial, is stronger than that presented in DeSimone and other cases in which we have determined that there was no evidence from which the jury could infer that the defendant knew of and participated in the conspiracy. See DeSimone, 660 F.2d at 535-36; see also United States v. Maltos, 985 F.2d 743, 746-49 (5th Cir. 1992); United States v. Espinoza-Seanez, 862 F.2d 526, 538 (5th Cir. 1988); United States v. Gardea Carrasco, 830 F.2d 41, 45 (5th Cir. 1987). Accordingly, Tooks's conspiracy conviction is AFFIRMED.